MAMIE E. EINIG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38955. Promulgated May 26, 1930.

*W. L. Schuyler, C. P. A.*, for the petitioner.
*A. H. Murray, Esq.*, for the respondent.

**OPINION.**

ARUNDELL: The fair market value of the deferred payments under the sale is not in controversy, the single question before us being whether the tax on the transaction should be computed on the installment basis, as contended by petitioner, or on the basis of a completed sale, as determined by the respondent.

Section 212(d) of the Revenue Act of 1926 provides that "the income derived from a sale of real property, as here, may be returned on the installment basis in cases where "the initial payments do not exceed one-fourth of the purchase price." The term "initial payments" as used in the subdivision is therein defined as meaning "the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made."

Here $5,000 of the sale price of $40,000 was paid in cash at the time the sale was made. Subsequently during the taxable year additional payments aggregating $13,500 were made by the vendee,

so that before the close of 1925 petitioner had received in cash the sum of $18,500 or 46.25 per cent of the selling price.

The mortgage given by the Improvement Co. as security for the deferred payments covered the entire property, described therein as a tract of land. By a provision inserted in the instrument the mortgagor was given the right to subdivide the land into lots, and upon the sale of any lot in the subdivision and the payment of a specified sum on account thereof, to receive from petitioner a satisfaction of the mortgage as to the lot for which the payment was made. The Improvement Co. exercised the right given it by petitioner, and during the year 1925 a number of lots were released from the mortgage lien upon payment to petitioner of the agreed amounts. The exercise of the right given the Improvement Co. did not, in our opinion, have the effect of changing the sale from one covering a single undeveloped tract of land to a number of sales measured by the number of lots into which the tract was subdivided, as petitioner contends. The sales of lots were transactions between the Improvement Co. and the purchasers of the lots and had no direct relation to the sale in question.

The respondent's action in refusing to permit petitioner to return the profit realized on the sale on the installment basis is sustained.

*Decision will be entered for the respondent.*